**Steven ZUBKIS, Plaintiff,**

v.

**Roger D. LANGE and D. True Brown, Defendants.**

**No. 96–CV–1026 H(RBB).**

United States District Court, S.D. California.

March 14, 1997.

---

Steven Zubkis, Vista, CA, Plaintiff in pro. per.

Kimberly D. Allan, Assistant United States Attorney, San Diego, CA, for Defendants.

**Order Granting Motion to Dismiss; Denying Motion for Summary Judgment (Doc. 27)**

HUFF, District Judge.

Defendants Roger D. Lange and D. True Brown move to dismiss the first amended complaint, or in the alternative, for summary judgment. Plaintiff Steven Zubkis opposes the motions. Having fully considered the papers submitted in the matter and the relevant authorities, the court grants Defendants' motion to dismiss and denies the motion for summary judgment.

## BACKGROUND

This action arises from an execution of a federal search warrant on February 2, 1995, at plaintiff's residence, which resulted in the seizure of documents. Plaintiff is apparently being investigated for mail fraud, wire fraud, income tax evasion, money laundering, and securities fraud violations. On June 10, 1996, Plaintiff filed a complaint titled "Request for Declaratory Relief," seeking, *inter alia*, the return of all property taken pursuant to the warrant and the suppression of the property as evidence. In an order filed November 7, 1996, the court noted that the relief sought by Plaintiff was that normally provided for pursuant to Federal Rule of Criminal Procedure 41(e). The court therefore construed Plaintiff's *pro se* complaint as a motion for return of property pursuant to Rule 41(e). The court also dismissed the complaint without prejudice and with leave to amend because Plaintiff had failed to make a sufficient showing on any of the four factors to be considered for the court's exercise of equitable jurisdiction under *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993), *cert. denied*, 511 U.S. 1058, 114 S.Ct. 1624, 128 L.Ed.2d 349 (1994).

On December 3, 1996, Plaintiff filed a first amended complaint for equitable relief under Federal Rule of Civil Procedure 41(e). Defendants, IRS Special Agent Roger D. Lange and FBI Special Agent D. True Brown, have filed the present motion to dismiss, or in the alternative, for summary judgment. Plaintiff opposes the motions.

## DISCUSSION

Defendant contends that Plaintiff has failed to satisfy the prerequisites to the exercise of the court's equitable jurisdiction. A district court has the authority to entertain a Rule 41(e) motion in the absence of pending criminal proceedings. *Ramsden*, 2 F.3d at 324. However, the court's jurisdiction is equitable in nature and "caution and restraint" must be used before exercising jurisdiction. *Id.* In determining whether to exercise equitable jurisdiction and before reaching the merits of a preindictment Rule 41(e) motion, the court must consider four factors:

1) whether the Government displayed a callous disregard for the constitutional rights of the movant; 2) whether the movant has an individual interest in and need for the property he wants returned; 3) whether the movant would be irreparably injured by denying return of the property; and 4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Id.* at 325.

The court first notes that Lange and Brown have been improperly named as individual defendants in this action. A Rule 41(e) motion should be brought as an "in re" matter or against the United States. Therefore, the court dismisses individual Defendants Lange and Brown and substitutes the United States as defendant.

■ Having carefully examined Plaintiff's first amended complaint and the papers submitted in the matter, the court finds that Plaintiff has failed to satisfy the necessary prerequisites for the exercise of this court's equitable jurisdiction. Plaintiff has not established a *callous disregard* for his constitutional rights. For example, unlike *Ramsden,* where the Government admitted that the search and seizure violated the Fourth Amendment, no warrant was obtained, and no exception to the warrant requirement applied, 2 F.3d at 325, in the instant case, the Government obtained a facially valid warrant supported by the necessary affidavits. Nor did any of the conduct of the Government agents in executing the warrant appear to violate Plaintiff's constitutional rights.

The court also finds that Plaintiff fails to make a sufficient showing on the third required element. The Government has permitted and continues to allow Plaintiff access to the seized documents in order to make necessary copies. Plaintiff has made no showing how this arrangement is insufficient. Any irreparable harm that may occur is due more to Plaintiff's failure to utilize the opportunity offered by the Government, rather than any denial of access to the seized items.

Finally, as to an adequate remedy at law, this issue is somewhat moot as Plaintiff has been given access to his documents. Further, unlike *Ramsden,* where the Government did not plan to prosecute and thus the plaintiff would not have an opportunity to challenge the seizure of the documents, 2 F.3d at 326, Plaintiff is still under current investigation and an indictment may still issue. If an indictment is issued, Plaintiff may challenge the seizure in the criminal proceedings. Because Plaintiff has been given access to the seized items and he may still have an opportunity to challenge the seizure in a future criminal proceeding, the court finds Plaintiff has not sufficiently shown an inadequate remedy at law.

The court finds that Plaintiff has not sufficiently demonstrated the prerequisites for the court's exercise of equitable jurisdiction. Therefore, the court grants the motion to dismiss and denies the motion for summary judgment because it declines to reach the merits of the complaint.

### CONCLUSION

Having fully considered the papers submitted in the matter, the court dismisses Defendants Lange and Brown and substitutes the United States in their place. Further, the court grants Defendant's motion to dismiss and denies Defendant's motion in the alternative for summary judgment.

IT IS SO ORDERED.